UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:21 CR 26 |
| ) | |
| MICHAEL HERNANDEZ ) | |

## OPINION and ORDER

Petitioner Michael Hernandez has filed a motion to vacate his sentence under 28 U.S.C. § 2255. (DE # 61.) For the reasons that follow, petitioner's motion is denied.

## I.   BACKGROUND

In July of 2021, Hernandez pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (DE # 27.) In his plea agreement, Hernandez also agreed to waive his right to appeal or contest his conviction and all components of his sentence or the manner in which his conviction or sentence was determined or imposed, to any court on any ground other than a claim of ineffective assistance of counsel, including any post-conviction proceeding under § 2255. (*Id.* at 5.)

In January 2022, this court sentenced Hernandez to 57 months' imprisonment and a two-year term of supervised release. (DE # 55.) He did not file an appeal.

In June 2022, the United States Supreme Court issued its opinion in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), in which the Court announced a new test for judging the constitutionality of firearm regulations. The constitutionality of § 922(g)(1) has been the subject of increased debate following the Supreme Court's

decision in *Bruen*. *See United States v. Miles*, 86 F.4th 734, 740 (7th Cir. 2023) ("[S]ince *Bruen*'s pronouncement, challenges like [appellant's] have proliferated both in this Circuit and across the country."). However, neither the Seventh Circuit nor the Supreme Court have ruled on the constitutionality of § 922(g)(1) post-*Bruen*. *See id.* (rejecting appellant's argument that § 922(g)(1) is unconstitutional post-*Bruen*, under plain error review, because law remains unsettled).

Hernandez's motion to vacate presents several bases on which he believes his conviction and sentence should be vacated. He argues: (1) § 922(g)(1) is unconstitutional post-*Bruen*; (2) he did not "knowingly" violate § 922(g)(1), as required by *Rehaif v. United States*, 588 U.S. 225 (2019); (3) his counsel failed to inform him of the elements of the § 922(g)(1) charge, prior to his entering the plea agreement; (4) his counsel failed to advise him of his right to appeal; and (5) his property was forfeited without due process of law. (DE # 61.) This matter is fully briefed and is ripe for ruling.

## II.    LEGAL STANDARD

A § 2255 motion allows a person in federal custody to attack his or her sentence on constitutional grounds, because it is otherwise illegal, or because the court that imposed it was without jurisdiction. 28 U.S.C. § 2255(a). Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy to a person who has already had an opportunity for full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006).

2

### III. DISCUSSION

    *A.    Timeliness Of Claims*

The Government contends that Hernandez's claims are untimely and must be dismissed. (DE # 68 at 3.) A one year limitations period applies to motions made pursuant to § 2255. 28 U.S.C. § 2255(f). The limitations period runs from the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Hernandez acknowledges that he filed his motion to vacate outside the one-year statute of limitations provided by § 2255(f), but asserts that his motion is nevertheless timely because he is actually innocent, in light of *Bruen*. (DE # 61 at 2.) "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have

3

found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

The Government has not established that, if this court were to find that § 922(g)(1) violates the Second Amendment, Hernandez would not have an actual innocence claim. As the Seventh Circuit noted in *Lund v. United States*, 913 F.3d 665, 667-68 (7th Cir. 2019), the Court "has never explicitly held that [the actual innocence exception] can be used in situations where a subsequent change to the scope of a law renders the conduct the petitioner was convicted for no longer criminal." The Seventh Circuit did suggest, however, that the underlying claim for the actual innocence exception must be constitutional, rather than statutory, and Hernandez has posed a constitutional basis for the exception, unlike the petitioner in *Lund*.[1] *Id.* at 668. It appears that the application of the actual innocence exception in this type of situation remains an open question in our circuit, but it is a question that this court need not reach because Hernandez's claims fail for other reasons.

B.   *Application Of Hernandez's Appeal Waiver*

In his appeal waiver, Hernandez explicitly waived his right to file a § 2255 motion challenging his conviction or sentence, on any ground other than a claim of

---

[1] The Government also asserts that actual innocence is limited to *factual* innocence, not mere legal insufficiency, citing *Bousley v. United States*, 523 U.S. 614, 623 (1998). However, *Bousley*, like *Lund*, considered the actual innocence exception in the context of a subsequent change in statutory interpretation. The Government has cited no case that discusses the use of the actual innocence exception in a situation where the statute under which a defendant was convicted was later deemed unconstitutional (assuming such a showing could be made here).

4

ineffective assistance of counsel. Hernandez's present claims are foreclosed by his appeal waiver if: (1) his claims fall within the scope of his appeal waiver, and (2) the waiver is valid. *See United States v. Perillo*, 897 F.3d 878, 882 (7th Cir. 2018), *reh'g denied* (Aug. 20, 2018). Here, Hernandez's first three grounds for relief – that § 922(g)(1) is invalid post-*Bruen*, that he did not "knowingly" violated § 922(g)(1), as required by *Rehaif*, and that his gun was forfeited without due process – fall within the scope of his appeal waiver. Hernandez argues that his appeal waiver is not valid because it was not knowing or voluntary.

An appeal waiver is valid and enforceable " 'so long as the record clearly demonstrates that it was made knowingly and voluntarily.' " *Id.* at 883 (quoting *United States v. McGuire*, 796 F.3d 712, 715 (7th Cir. 2015)). A plea was made knowingly and voluntarily if, " 'looking at the total circumstances surrounding the plea, the defendant was informed of his or her rights.' " *Id.* (quoting *United States v. Kelly*, 337 F.3d 897, 902 (7th Cir. 2003)). Courts look to the language of the plea agreement and the defendant's statements during the Rule 11 plea colloquy to determine whether the defendant knew and understood the plea agreement. *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010). "A written appellate waiver signed by the defendant will typically be voluntary and knowing[.]" *United States v. Galloway*, 917 F.3d 604, 606 (7th Cir. 2019).

Hernandez identifies several reasons why he believes that his plea agreement was not knowing or voluntary. First, he claims that he did not understand what a § 2255 motion is, and also that his counsel told him that the appeal waiver in his plea

5

agreement would not bar him from filing a motion under § 2255. (DE # 72 at 3; DE # 71 at 8.) However, he acknowledged to the court during his change of plea hearing that he read and understood the plea agreement (DE # 66 at 16-17), and his plea agreement explicitly states that he agreed to waive his right to file a motion under § 2255. (DE # 27 at 5.) Moreover, at his change of plea hearing, the following exchange took place:

> THE COURT: Do you understand that, in your plea agreement with the Government, you've agreed that, after you plead guilty, you're going to have no right to appeal or contest your conviction, any component of your sentence, or the manner in which your conviction and sentence were determined or imposed on any ground other than a claim of ineffective assistance of counsel?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that your plea agreement also prohibits you from appealing under Title 18, United States Code, Section 3742, or collaterally attacking, through habeas corpus or otherwise, any component of your sentence and the manner in which your conviction or sentence were determined or imposed on any ground other than a claim of ineffective assistance of counsel?
>
> THE DEFENDANT: Yes, sir. I have a question. What is the corpus thing that you just said? I don't understand that.
>
> THE COURT: So you're agreeing, first, to give up your right to appeal, to directly appeal your sentence or conviction in any manner. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And that's any manner other than a claim of ineffective assistance of counsel; do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: So there's something called a "collateral attack." That's separate than an appeal. It's sometimes called "habeas corpus." It's called

6

> a 2255, which is the code section under which it can be lodged. But separate from your appeal, you have the right to attack a sentence or conviction under what's known as a "collateral attack"; and, in one form, a collateral attack is habeas corpus. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Okay. So that's what we're talking about when we mention that, in your plea agreement, while you have that right now, you're agreeing to give up that right to collaterally attack your sentence through habeas corpus or otherwise. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Okay. Do you have any additional questions regarding that?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Would you like some time to speak with Mr. Boyles about that at all?
>
> THE DEFENDANT: No, sir.

(DE # 66 at 20-21.)

A defendant's statements during a plea hearing are presumed to be true. *Chapa*, 602 F.3d at 869. Moreover, "a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005). Hernandez's statements at his plea colloquy directly refute his present claims that, prior to pleading guilty, he did not understand either what a § 2255 motion is, or that his appeal waiver would bar him from filing a motion under § 2255.

Second, Hernandez argues that, in discussing his appeal waiver, his counsel did

7

not advise him that courts sometimes change their interpretation of the law, and that such a subsequent change in the law might open the door for legal challenges down the road that would be barred if he agreed to the appeal waiver. (DE # 72 at 3.) The Seventh Circuit has " 'consistently rejected arguments that an [express] appeal waiver is invalid because the defendant did not anticipate subsequent legal developments.' " *Oliver v. United States*, 951 F.3d 841, 845 (7th Cir. 2020) (quoting *United States v. McGraw*, 571 F.3d 624, 631 (7th Cir. 2009)); *see also Grzegorczyk v. United States*, 142 S. Ct. 2580 (2022) (Kavanaugh, J., statement respecting denial of certiorari, "[T]he Seventh Circuit correctly concluded that the defendant's unconditional guilty plea precluded any argument based on the new caselaw[.]")

" '[A] plea of guilty does not have to be perfectly informed in order to be voluntary.'" *Perillo*, 897 F.3d at 884 (quoting *Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir. 1984)); *see also St. Pierre v. Walls*, 297 F.3d 617, 635 (7th Cir. 2002) (finding that "lawyers need not inform their clients of every possible defense, argument, or tactic"). "Were the law otherwise, few guilty pleas could survive later challenges based on 'buyer's remorse' if a defendant could claim that there was some possible motion or theory her lawyer did not discuss with her first." *Perillo*, 897 F.3d at 884. "Plea bargain waivers allocate the risk of the unknown for both sides" and the parties " 'assum[e] the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one.' " *Oliver*, 951 F.3d at 845 (quoting *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005)). Hernandez's appeal waiver was not unknowing or involuntary merely

8

because his attorney did not advise him that it was possible that some aspect of the law governing his crime might someday change.

Finally, Hernandez claims that: his attorney falsely told him that he would receive a 30-year sentence if he did not sign the plea agreement, his attorney did not advise him of the what the likely sentencing guidelines would be if he proceeded to trial, and his attorney told him that he could not raise any questions regarding his plea agreement with the court. (DE # 71 at 9.) Here too, his statements during his plea colloquy foreclose his claims. During his plea colloquy he confirmed that no one had in any way forced or threatened him to plead guilty, and that no one had made him any promises or assurances that were not contained in the plea agreement. (DE # 66 at 17.) He also confirmed that he and his attorney had discussed how the guidelines would apply to his case (*id.* at 27), and the court informed him that the statutory maximum for his conviction on Count I was no more than 10 years. (*Id.* at 25.) Furthermore, prior to beginning, the court informed Hernandez, "if you ever want to talk with your attorney, you can; and if you simply want to ask me to clarify a question, you can certainly do that. I need to make sure that you understand each question before you answer it. Okay?" (*Id.* at 9.) In fact, as demonstrated in an earlier section, Hernandez *did* ask the Magistrate Judge a clarifying question, regarding the meaning of 'habeas corpus.' (*Id.* at 20.)

The record demonstrates that Hernandez knowingly and voluntarily entered into both his plea agreement and his appeal waiver. Accordingly, his claims related to

9

*Bruen*, *Rehaif*, and the forfeiture of his firearm are barred by his appeal waiver.

### C.   Hernandez Has Not Established Ineffective Assistance Of Counsel

Hernandez's remaining claims are that he received ineffective assistance of counsel because his counsel failed to inform him of the elements of the § 922(g)(1) charge prior to his entering the plea agreement, and his counsel failed to advise him of his right to appeal. (DE # 61 at 5.)

Claims for ineffective assistance of counsel are analyzed under *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, "a defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial." *Massaro v. United States*, 538 U.S. 500, 505 (2003). "To satisfy the deficient performance prong, a petitioner must show that the representation his attorney provided fell below an objective standard of reasonableness." *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015). "A court's scrutiny of an attorney's performance is 'highly deferential' to eliminate as much as possible the distorting effects of hindsight, and we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (internal citation omitted). "The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal citation omitted).

To satisfy the prejudice prong, a petitioner must establish that "'there is a

10

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Strickland*, 466 U.S. at 694. "This does not mean that the defendant must show that counsel's deficient conduct more likely than not altered the outcome in the case. Rather, a reasonable probability is a probability sufficient to undermine confidence in the outcome, which in turn means a substantial, not just conceivable likelihood of a different result." *Harris v. Thompson*, 698 F.3d 609, 644 (7th Cir. 2012) (internal citations and quotation marks omitted). If a petitioner fails to make a proper showing under one of the *Strickland* prongs, the court need not consider the other. *See Strickland*, 466 U.S. at 697.

"[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The performance prong is the same as that outlined in *Strickland*. *Id.* To establish prejudice in a case where the petitioner pleaded guilty, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59; *see also Morales v. Boatwright*, 580 F.3d 653, 663 (7th Cir. 2009). "[T]he petitioner must do more than simply allege 'that he would have insisted on going to trial'; he must also come forward with objective evidence that he would not have pled guilty. Objective evidence includes the nature of the misinformation provided by the attorney to the petitioner and the history of plea negotiations." *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010) (internal citation omitted).

11

Here, Hernandez has failed to establish ineffective assistance of counsel. To begin, he has not established that he would have insisted on proceeding to trial, but for his counsel's ineffective assistance. This is fatal to his claims.

Moreover, Hernandez's statements at his plea colloquy refute any claim of either deficient performance or prejudice. As discussed above, his plea colloquy demonstrates that he was aware of his right to appeal and that he knowingly negotiated away this right. He was also informed by the court of the elements of § 922(g)(1) (DE # 66 at 31), and swore under oath that, at the time of his possession of the firearm, he was aware that he was prohibited from possessing the firearm because he had previously been convicted of a felony offense or crime punishable by a term of imprisonment exceeding one year. (*Id.* at 32-33.) Because he has failed to establish ineffective assistance of counsel, his motion to vacate must be denied.

### D. *Certificate Of Appealability*

Pursuant to § 2255 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. A court should issue such a certificate only if the movant has made a substantial showing of the denial of a constitutional right, that is, that reasonable jurists would find debatable whether the district court correctly resolved the issues or would conclude that those issues deserve further proceedings. 28 U.S.C. § 2255; 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003). In light of the foregoing, the court finds that the conditions for the issuance of a certificate of appealability are not present in this case. Therefore, no certificate will issue.

### III.  CONCLUSION

For the foregoing reasons, the court **DENIES** Michael Hernandez's motion to vacate under 28 U.S.C. § 2255 (DE # 61), and **DENIES** Michael Hernandez a certificate of appealability.

**SO ORDERED.**

Date: June 6, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT